UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LATONYA S. SCOTT,

    Plaintiff,                                Case No. 19-cv-13200
                                            Hon. Matthew F. Leitman

v.

ANDREW SAUL,

    Defendant.
_____/

**<u>ORDER (1) OVERRULING PLAINTIFF'S OBJECTIONS (ECF No. 21) TO REPORT AND RECOMMENDATION (ECF No. 19); (2) GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (ECF No. 18); AND (3) DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (ECF No. 16)</u>**

In this action, Plaintiff Latonya S. Scott challenges the denial of her application for disability insurance benefits under the Social Security Act. (*See* Compl., ECF No. 1.) Both Scott and Defendant Andrew Saul, the Commissioner of Social Security, filed motions for summary judgment. (*See* Mots., ECF Nos. 16, 18.) The assigned Magistrate Judge then issued a Report and Recommendation in which she recommended that the Court deny Scott's motion and grant the Commissioner's motion (the "R&R"). (*See* R&R, ECF No. 19).

Scott has now filed timely objections to the R&R. (*See* Objections, ECF No. 21.) The Court has reviewed Scott's objections and concludes that they do not entitled her to relief. Therefore, for the reasons explained below, the Court

1

**OVERRULES** Scott's Objections, **DENIES** her motion for summary judgment, and **GRANTS** the Commissioner's motion.

# I

## A

On October 11, 2016, Scott applied for disability insurance benefits under the Social Security Act. (*See* ECF No. 12-5, PageID.220-221.) Scott claimed that she was disabled and entitled to benefits due to, among other things, degenerative disc disease, migraines, depression, and anxiety. (*See* ECF No. 12-3, PageID.125-126.) The Social Security Administration denied her application on January 10, 2017. (*See* ECF No. 12-4, PageID.145-149.)

After the Social Security Administration denied Scott's application, she sought a hearing on that decision before an Administrative Law Judge (the "ALJ"). That hearing was held on September 19, 2016. Both Scott and a vocational expert testified at the hearing. (*See* ALJ Hr'g Tr., ECF No. 12-2, PageID.65-105.) Scott testified, among other things, that she suffers from severe back pain and that the medications she takes for her back pain and other conditions "make[] her sleepy." (*Id.*, PageID.83.)

The ALJ issued a written decision denying Scott's application for benefits on October 1, 2018 (the "ALJ's Decision"). (*See* ALJ's Decision, ECF No. 12-2, PageID.50-60.) The ALJ first determined that Scott suffered from the following

severe impairments: "major depressive disorder; disorder of the right shoulder (tendinosis of the right upper extremity and subacromial spur with right mid trapezial muscle spasm/trigger point) with myofascial muscle pain, subacromial bursitis, and AC joint injury, cervical radiculopathy, and arthritis of the right AC joint; osteoarthritis of the knees; [] a history of degenerative disc disease[;] and asthma." (*Id.*, PageID.53.)  The ALJ then found that Scott did "not have an impairment or combination of impairments that meets or medically listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." (*Id.*)  For instance, the ALJ explained that Scott had failed to demonstrate that she suffered from a "disorder of the spine" as defined in Listing 1.04(A). (*Id.*)  Next, the ALJ concluded that Scott had the residual functional capacity ("RFC") to perform "sedentary work" with certain restrictions. (*Id.*, PageID.54-58.)  Finally, after adopting the sedentary-work RFC, the ALJ found that "given [Scott's] age, education, work experience, and [RFC], there [were] jobs that exist in significant numbers in the national economy that [she could] perform." (*Id.*, PageID.59-60.)  The ALJ therefore concluded that Scott was "not disabled" and not entitled to benefits. (*Id.*, PageID.60.)

Scott appealed the ALJ's Decision to the Appeals Council, but that body denied review. (*See id.*, PageID.36.)

**B**

On October 31, 2019, Scott filed this action seeking judicial review of the administrative decision denying her application for benefits. (*See* Compl., ECF No. 1.)  Scott and the Commissioner then filed cross-motions for summary judgment. (*See* Scott Mot., ECF No. 16; Comm'r Mot., ECF No. 18.)

In Scott's motion, she argued, among other things, that the ALJ erred when she (1) determined that Scott's back impairments did not meet or equal the requirements of Listing 1.04(A) (*see* Scott Mot., ECF No. 16, PageID.813-815) and (2) "did not seriously consider [Scott's] testimony that her medications have side effects resulting in the need for her to take a nap during the day" (*id.*, PageID.820-821).

The assigned Magistrate Judge issued a report and recommendation on the parties' cross-motions on February 16, 2021. (*See* R&R, ECF No. 19.)  The Magistrate Judge recommended granting the Commissioner's motion and denying Scott's motion. (*See id.*)  The Magistrate Judge first rejected Scott's argument that the ALJ erred when she found that Scott's impairments did not meet or equal Listing 1.04(A). (*See id.*, PageID.859-863.)  The Magistrate Judge explained that Scott had "failed to point to specific evidence that would support a finding that her impairments me[t] or equal[ed] Listing 1.04, and she ha[d] thus failed to show

reversible error" in the ALJ's determination with respect to Listing 1.04(A). (*Id.*, PageID.863.)

The Magistrate Judge then turned to Scott's argument that the ALJ erred when she declined to credit her (Scott's) testimony that her medications made her sleepy and required her to nap during the day. (*See id.*, PageID.867-869.) The Magistrate Judge rejected this argument and concluded that Scott had "failed to show that she required a more restrictive RFC because of medication side effects." (*Id.*, PageID.869.)

## II

Scott filed her objections to the R&R on March 22, 2021. (*See* Objections, ECF No. 21.) The Court will address each objection in turn below.

### A

In Scott's first objection, Scott argues that the Magistrate Judge erroneously concluded that she (Scott) had failed to identify sufficient evidence that her back impairments met or equaled Listing 1.04(A). (*See* Obj., ECF No. 21, PageID.877-878.) She initially asserts in this objection that "it is not clear whether the ALJ properly considered [her] medical records with respect to lumbar radiculopathy." (*Id.*, PageID.878.) But Scott has not shown that her medical records relating to lumbar radiculopathy satisfy Listing 1.04(A), and thus she has failed to establish any prejudice from the ALJ's alleged failure to consider the records.

5

"For a claimant to show that [her] impairment matches a listing, it must meet *all* of the specified medical criteria. An impairment that manifests only some of those criteria, no matter how severely, does not qualify." *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990) (emphasis in original). And a "clamant bears the burden of proof" to show that she satisfies all of the listed criteria. *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 548 (6th Cir. 2004).

Turning to the specific listing at issue here, Listing 1.04(A) provides as follows:

> Disorders of the spine (e.g., herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebral fracture), resulting in compromise of a nerve root (including the cauda equina) or the spinal cord. With: Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss *and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine)*[.]

20 C.F.R. Pt. 404, Subpt. P, App. 1 § 1.04(A) (emphasis added).

Scott has not identified sufficient medical records showing that her back impairment involving lumbar radiculopathy meets or equals all of the criteria in Listing 1.04(A). More specifically, she has not pointed to any evidence in her medical records that she had a positive straight-leg raise test in both the supine and sitting positions. That is fatal to her claim relating to lumbar radiculopathy because

where, as here, "a claimant alleges disability involving the low back, Listing 1.04A is not satisfied unless there is also evidence of positive straight-leg raising tests in both the sitting and supine position." *Palaghe v. Comm'r of Soc. Sec.*, 2016 WL 1714733, at *14 (E.D. Mich. Apr. 28, 2016) (collecting cases); *O'Brien v. Comm'r of Soc. Sec.*, 819 F. App'x 409, (6th Cir. 2020) (concluding that "substantial evidence support[ed] the ALJ's conclusion that [the plaintiff's] impairments [did] not meet or exceed" Listing 1.04(A) because, among other things, "there was no evidence of positive straight-leg raising tests in both the sitting and supine positions"); *Kallenbach v. Berryhill*, 766 F. App'x 518, (9th Cir. 2019) (concluding that plaintiff had failed to satisfy all of the requirements of Listing 1.04(A) where the record did not include evidence of "both types of straight-leg testing"). Because Scott has failed to demonstrate that her medical records establish that her back impairment involving lumbar radiculopathy meets or exceeds all of the criteria in Listing 1.04(A), she is not entitled to relief on the ground that the ALJ failed to consider the records.

Next, Scott notes that after the hearing, she "provided another MRI [to the ALJ] which show[ed] compression of the ventral cord," and she appears to argue that the ALJ failed to properly review and/or consider that MRI. (Obj., ECF No. 21, PageID.879.) But the ALJ *did* consider that MRI, and he sufficiently explained why it did not show that Scott was disabled. He explained that while the MRI "confirmed

multilevel degenerative disc disease," it "indicated only mild/minimal compression of the ventral cord," "the cord demonstrated normal caliber and strength throughout," and the MRI showed "no evidence of narrowing or stenosis and all the noted adjectives used to describe the changes were minimal." (ALJ's Decision, ECF No. 12-2, PageID.56.) Thus, Scott has not persuaded the Court that she is entitled to relief on the ground that the ALJ failed to properly evaluate this MRI.

Finally, Scott directs the Court to a series of medical records that, she says, establish that she has, among other things, "compression," "numbness and tingling," and "significant levels of pain" due to her back injury. (Obj., ECF No. 21, PageID.878.) It is not exactly clear what Scott is trying to establish through her citation to these records. It may be that Scott is trying to show that she has satisfied Listing 1.04(A) based on impairments involving areas of her back other than her lower back. But as the Commissioner accurately points out, most of these citations are to her self-reports of pain, are not based on objective medical testing or evaluation, and they are therefore insufficient to satisfy all of the criteria of Listing 1.04(A). (*See* Comm'r Mot., ECF No. 18, PageID.837-839.) Moreover, Scott has failed to sufficiently explain how her medical records, as a whole, support a finding that she satisfied all of the criteria in Listing 1.04(A). Therefore, for all of these reasons, and all of the reasons persuasively explained by the Commissioner in his

Motion for Summary Judgment (*see id*.), Scott has failed to show that her back ailments meet or equal all of the criteria in Listing 1.04(A).

For all of these reasons, Scott's first objection is **OVERRULED**.

**B**

In Scott's second objection, she argues that "the ALJ erred in dismissing evidence" of side effects from her medications. (Obj., ECF No. 21, PageID.881.) As described above, Scott testified at the hearing before the ALJ that her medications "make[] her sleepy." (ALJ Hr'g Tr., ECF No. 12-2, PageID.83.) The ALJ declined to credit that testimony, and did not include a rest-related restriction in the RFC, because she found that Scott's claims about these side effects were "not consistent with the medical records." (ALJ's Decision, ECF No. 12-2, PageID.56.) Scott insists that conclusion was erroneous.

Scott has not persuaded the Court that the ALJ erred when she concluded that the medical evidence did not support Scott's claim that the side effects of her medications required her to nap during the day. In her objections, Scott cites to three "records" that "support[] the side effects [she] alleges." (*Id.*, PageID.880.) The Court has reviewed the "records" and concludes that they do not support her claimed side effects. The first record is not a medical record at all – it is merely a citation to Scott's testimony before the ALJ. (*See* ECF No. 12-2, PageID.83.) That "record" does not provide any additional evidence supporting Scott's assertion that her

9

medications make her sleepy. The second record is a medical assessment that included the following notation: "The patient continue [sic] on hydrocodone with acetaminophen. Her pain is medically controlled. She was advised not to operate heavy equipment including while at the work place while taking this medication that can cause sedation." (ECF No. 12-7, PageID.315.) But this generic warning about the use of heavy machinery does not speak to how the medication actually affected Scott. Nor does it suggest that the medication would require her to nap during the day. Moreover, as the Commissioner accurately points out, the ALJ accounted for Scott's inability to use heavy machinery in her RFC. (*See* Comm'r Mot., ECF No. 18, PageID.849.) Finally, Scott identifies a medical record that reflected that in October 2016, Scott told her doctor that her gabapentin medication was "making her fatigued." (ECF No. 12-9, PageID.560.) But this record does not indicate that Scott was so fatigued by the gabapentin that she was unable to work and/or needed to nap during the day. Moreover, this same medical record indicates that the dosage of her gabapentin had been adjusted so that she took more of the medication at night instead of during the day. (*See id.*, PageID.563.) Thus, none of these citations, individually or collectively, persuades the Court that the ALJ ignored evidence that the side effects from Scott's medications rendered her unable to work. Accordingly, for all of the reasons stated above, and all of the reasons stated in the corresponding section

of the Commissioner's Motion for Summary Judgment (*see* Comm'r Mot., ECF No. 18, PageID.847-851), Scott's second objection is **OVERRULED**.

### III

For all of the reasons explained above, Scott's objections to the R&R (ECF No. 21) are **OVERRULED**. Scott's motion for summary judgment (ECF No. 16) is **DENIED** and the Commissioner's motion for summary judgment (ECF No. 18) is **GRANTED**.

**IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: March 31, 2021

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 31, 2021, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(810) 341-9764